IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 18, 2006 Session

IN THE MATTER OF: B.G.J., A Child Under Eighteen (18) Years of Age,
STATE OF TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES,
Petitioner, and GLENN and PATRICIA MULLINS, Intervening
Petitioners/Appellees, v. S.R.J. Respondent/Appellant

Direct Appeal from the Juvenile Court for Monroe County
No.  J98-232     Hon.  Edwin C. Harris, Judge

No. E2005-02742-COA-R3-PT  - FILED OCTOBER 12, 2006

In this case to terminate parental rights, the Trial Court entered a Default Judgment against the father and terminated his rights as a parent without hearing any evidence.  On appeal, we vacate and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Kevin W. Shepherd, Maryville, Tennessee, for appellant, Scott Richard Jackson.

John W. Cleveland, Sweetwater, Tennessee, for appellees.

**OPINION**

The minor child's maternal grandmother and step-grandfather filed a Petition to terminate the parental rights of the father, S.R.J.  A summons was issued to father at his address in Texas (a military base), but was returned "unclaimed".  However, attorney Kevin Shepherd filed a Notice of Appearance on the father's behalf, and subsequently, the father filed an answer to the termination Petition, and the Court then entered an Order appointing a Guardian Ad Litem for the child.

A Default Judgment and Final Decree was entered on May 23, 2005, and the Judgment recites that a hearing was held on April 7, 2005, and that arguments were heard from the guardian ad litem and both attorneys, and that the Court based its decision on said arguments, and on the pleadings and the record as a whole. The Court found the summons and petition were served on father via certified mail and returned unclaimed., and found that the father's attorney entered a notice of appearance, and that the father had filed an Answer which did not raise any defense based on insufficiency of process. Further that the father failed to answer the petition within thirty days and the Court thus granted petitioners a default judgment, and found all allegations of the petition to be true, thereby finding grounds existed to terminate the father's parental rights.

The father then filed a Motion to Set Aside Default Judgment, asserting that he was entitled to relief from default under the Service Members Civil Relief Act, because he was on active duty in the military until the Fall of 2004.

The parties then entered a Stipulation that the father had been discharged from the military as of January 1, 2005. The Court found that the father was not in the military and had not been for 90 days when he filed the application for relief under the SCRA, and thus was not entitled to any relief under that Act, and denied the Motion to Set Aside.

The father raises these issues on appeal:

1.      Whether the trial court erred in granting a default judgment?

2.      Whether the trial court abused its discretion in failing to grant the Motion to Set Aside Default Judgment?

3.      Whether the appellees' Motion to Dismiss the appeal should be granted?

Appellees assert that their Motion to Dismiss the appeal should be granted due to the father's failure to comply with Tenn. R. App. P. 8, by failing to file a notice that no transcript would be filed, and by the father's failure to timely file his brief. On March 21, 2006, we ordered the father to file his brief within 10 days or show cause why the appeal should not be dismissed, and the father filed his brief on the tenth day. Subsequently, a transcript has been filed, and we hold the requisites for an appeal are satisfied.

The father argues that it was inappropriate for the Trial Court to grant default judgment because he had made an appearance in the case, and he did not receive proper notice of the hearing on the motion for default as required by Tenn. R. Civ. P. 55. Further, that he was not properly served with process when the original Petition was filed.

The father made an appearance in this case, but he did not file his Answer or otherwise defend this suit within the time limits prescribed by the Tennessee Rules of Civil Procedure, and he was therefore subject to a default judgment pursuant to Tenn. R. Civ. P. 55. *See*

*Dotson v. Dotson*, 2004 WL 73269 (Tenn. Ct. App. Jan. 16, 2004); *Pache Industries, LLC, v. Wallace Hardware Co., Inc.*, 2003 WL 22668854 (Tenn. Ct. App. Nov. 12, 2003). The record establishes that the father was notified of the default hearing, as he filed a Motion to Continue the hearing date. The record also reveals the father waived his right to object to insufficient service of process by filing his Answer without raising any objection or filing a motion regarding the same. *See* Tenn. R. Civ. P. 12.

The determinative issue on appeal was the propriety of the entry of default in this case, wherein the Court terminated the father's parental rights without hearing any proof. While the father did not explicitly raise this issue in his brief, a parent has a fundamental, constitutional right to the care, custody, and control of his children, and that right must be recognized and protected by this Court. *See Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1208 (1972). Tenn. R. App. P. 13(b) allows this Court to consider issues not specifically raised by the parties when such review can "prevent injury to the interests of the public" and "to prevent prejudice to the judicial process."

Default judgments are allowed in termination cases. *See, e.g.*, *In re CAF*, 114 S.W.3d 524 (Tenn. Ct. App. 2003). However, there must be proof presented from which the court can determine whether grounds exist for termination, and whether termination is in the child's best interest. *Tenn. DCS v. D.L.M.L.*, 2006 WL 1072155 (Tenn. Ct. App. Apr. 24, 2006). In the *D.L.M.L.* case, DCS filed a petition to terminate the mother's parental rights, and alleged the grounds of abandonment for failure to visit and support, as well as other grounds for termination. *Id.* When the mother failed to respond to the petition, DCS filed a motion for default. The Juvenile Court held a hearing, and granted the motion for default which terminated the mother's parental rights, with no proof having been presented at the hearing. *Id.* The Referee entered an order which stated that because the mother failed to appear, the allegations in the petition would be taken as true, and the Juvenile Court then confirmed the Referee's order, and the mother appealed to this Court.

We vacated the order terminating the mother's parental rights, and remanded the case for a hearing. We explained that since termination had to be based on a finding that (1) grounds existed, as established by clear and convincing evidence, and (2) that termination was in the child's best interest, there could be no proper review where there was no proof presented. We specifically held that, "when a parent does not respond to a petition to terminate parental rights and a default judgment is sought, a trial court nevertheless must hear testimony and otherwise conduct a hearing where sufficient evidence is offered for the trial court to determine if grounds for terminating the parental rights have been proven by clear and convincing evidence, and whether it has been proven by clear and convincing evidence that terminating the parental rights was in the best interests of the children." *Id.* at p. 3. We stated that without such "critical" evidence, there was no choice but to vacate the trial court's judgment. *Id.*

In this case, a review of the transcript from the default judgment hearing, reveals that no proof was heard by the Court. Rather, the Judge stated:

I recall this previous hearing quite vividly. This young girl is a victim of severe child

abuse, severe sexual abuse. The allegations – although the father wasn't here, the allegations involved him as well as the mother. And I'll agree that this child shouldn't have to go through all this. The Court is going to sustain the motion, grant default judgment. . . . Of course, this went up to the Court of Appeals. They sustained the judgment of this Court. And I recall what's in these transcripts pertaining to the father as well as the mother.

While a default judgment can be granted, proof must be presented. It was improper in this case for the Trial Court to rely on his memory of proof presented at the earlier hearing regarding the mother's rights, because that transcript reveals the father was not present at that hearing, was not represented at the hearing, and was not named as a party to those proceedings. As the United States Supreme Court has explained, a "fundamental requisite" of due process of law is the "opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). This requires "timely and adequate notice", and "an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970). Since the father was not present at the earlier hearing and had no opportunity to confront the witnesses or present his own evidence, to affirm the Trial Court's ruling, which was based on evidence presented at an earlier hearing, would be a denial of the father's due process rights. Accordingly, we vacate the Trial Court's Default Judgment and remand for proof on any grounds for termination, and proof of what is in the best interest of the child.

The father also argues that it was inappropriate for the Trial Court to fail to grant his Motion to Set Aside the default judgment, because the default was not willful, and he had a meritorious defense. This issue is rendered moot by vacating the Judgment terminating the father's parental rights.

The cause is remanded, with the cost of the appeal assessed to Appellees.

_____
HERSCHEL PICKENS FRANKS, P.J.

-4-