
# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs May 1, 2017

## IN RE JAYSON M.[1]

**Appeal from the Juvenile Court for Knox County**
**No. 145098   Timothy E. Irwin, Judge**

_____

### No. E2016-02286-COA-R3-PT
_____

Father appeals the termination of his parental rights on the grounds of abandonment by willful failure to visit, contending that he was not properly notified of the hearing to terminate his rights and was denied his right to counsel. Upon review of the record, we vacate the judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, JJ., joined.

Joseph M. Viglione, Knoxville, Tennessee, for the appellant, Allen T., Jr.

Herbert H. Slatery, III, Attorney General and Reporter; Ellison M. Berryhill, Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

Sherry Mahar, Knoxville, Tennessee, Guardian Ad Litem.

## MEMORANDUM OPINION[2]

---

[1] This Court has a policy of protecting the identity of children in parental termination cases by initializing the last names of the parties.

[2] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This appeal arises out of an action brought by the Tennessee Department of Children's Services ("DCS") to terminate the parental rights of Allen T., Jr. ("Father") to his son, Jayson M. The petition to terminate Father's rights was filed on August 3, 2016, and the return on the summons, signed by "Michael Cohan, Private Investigator," states that it was served by hand delivery on Father at "6712 Central Avenue Pike, Room 213, Knoxville, Tn." In the portion of the summons form for entry of the "Respondent's mailing address" is the notation "Moving tomorrow will call Cohan with mailing address."

On September 6, 2016, DCS filed a motion for a default judgment and set a hearing on the motion for October 4. The certificate of service on the motion states that it was served on Father by mail at "6712 Central Avenue Pike, Room 213, Knoxville, Tn." Father did not appear in person or by counsel at the October 4 hearing and the court proceeded to hear testimony in support of the petition for termination from, *inter alia*, a representative of DCS. At the conclusion of the hearing, the court rendered an oral ruling terminating Father's rights on the grounds of abandonment by failure to visit, persistence of conditions, and substantial noncompliance with the permanency plan; the ruling was memorialized in a document styled "Default Judgment," which includes a section entitled "Termination of Parental Rights and Final Decree of Guardianship." The certificate of service on the Default Judgment states that on October 11 a copy of the judgment was served on Father by mail at the 6712 Central Avenue Pike address, as well as at 2561 E. 5th Avenue, Knoxville.[3] Father filed a Notice of Appeal *pro se* on October 25.

Father disputes that he received notice of the proceedings to terminate his parental rights and argues that "[the] termination hearing was held in violation of his due process rights [because] he was not properly notified and was denied his right to counsel."

Parents have a fundamental right to the care, custody, and control of their children, a right that "must be recognized and protected by this court." *In the matter of B.G.J.*, 215 S.W.3d 396, 398 (Tenn. Ct. App. 2006) (citing *Stanley v. Illinois*, 405 U.S. 645 (1972)). The record is not clear that Father was served with the motion for default judgment, given notice of the hearing on the motion, or given notice of the termination hearing. In light of these deficiencies, we have determined that the best course is to vacate the trial court's judgment and remand the case for a new hearing, with proper notice to Father.

---

[3] This address was identified in the dependent and neglect proceeding as the address of Father's parents. On the Notice of Appeal, Father lists an address in Powell, Tennessee.

**Conclusion**

For the foregoing reasons, we vacate the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____
RICHARD H. DINKINS, JUDGE